MICHAEL LITTMAN
CA State Bar #120625
105 West "F" Street, 4th Flr.
San Diego, CA 92101
(619) 236-1030
michael@littmanlaw.com

Attorney for Defendant
ERICA MARTINEZ

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(Hon. Robert S. Huie)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ERICA MARTINEZ,<br>Defendant. | Case No. 26CR3887-12-RSH<br>**STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS** |

**I.**

**Statement of Facts**

ERICA MARTINEZ and twelve co-defendants are charged in a twelve count Indictment with, *inter alia*, conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii) and 846. According to the government, this case arises out of an FBI investigation that was initiated in mid-2024 into the Varrio Hidden Hills ("VHH") criminal street gang. The investigation evolved to include multiple rounds of court-authorized Title III interceptions.

During this investigation, law enforcement also obtained evidence through the use of physical surveillance, seizures of drugs and cash, and other methods.

To date, the government has not yet produced any discovery but it is believed that efforts are being made to produce this large volume of discovery to the defense.

## II.

## Motion to Compel Discovery/Preserve Evidence

This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies" under United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989), and discovery of which the government attorney may become aware through the exercise of due diligence:

(1) The Defendant's Statements. The government may have obtained statements from Ms. Martinez. The defense requests disclosure of all copies of any written or recorded statement made by her; any written record containing the substance of any oral statements made by the her and any written summaries of her oral statements contained in the handwritten or rough notes of the government agent; any response to any *Miranda* warnings which may have been given by her; any response by her to any interrogation; as well as any other statements attributed to her, either solicited or unsolicited by direct questioning. Fed. R. Crim. P. 16(a)(1)(A).

(2) Arrest Reports, Notes and TECS records. Ms. Martinez also specifically requests the government to turn over all arrest reports, notes, TECS records, dispatch or any other tapes that relate to the circumstances surrounding the her arrest or any questioning and surveillance notes and/or reports. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents which contain statements of the defendant or any other discoverable material. Fed. R. Crim. P. 16(a)(1)(A); Brady v. Maryland, 373 U.S. 83 (1963). The government must produce arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant. Fed. R. Crim. P. 16(a)(1)(B) and ©; Fed. R. Crim. P. 26.2 and 12(I).

(3) Criminal Record. Evidence of criminal record is available under Fed. R. Crim. P. 16(a)(1)(B). Evidence of other "similar" acts is discoverable under Fed. R. Crim. P. 16(a)(1)(B) and Fed. R. Evid. 404(b) and 609; Ms. Martinez requests all her rap sheets and

any other evidence discoverable under these rules. Ms. Martinez requests all evidence, documents, records of judgments and convictions, photographs and tangible evidence, and information pertaining to any arrests and convictions or bad acts he has suffered or known of by the government. She makes an identical request for all pertinent records of all charged or uncharged co-defendants, if any, and former co-defendants and government witnesses including informants, if any.

(4) Evidence Seized. Ms. Martinez requests production of evidence seized, including but not limited to cell phone records, as a result of any search, either with or without a warrant. Fed. R. Crim. P. 16(a)(1)©.

(5) Tangible Objects. Ms. Martinez requests the opportunity to inspect and copy as well as test, if necessary, all documents and tangible objects, including photographs books, papers, documents, alleged narcotics or narcotics related items, fingerprint analyses, vehicles, or copies of portions thereof, which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to the defendant. Fed. R. Crim. P. 16(a)(1)©.

(6) Request for Preservation of Evidence. Ms. Martinez specifically requests the preservation of all dispatch recordings, inter-officer radio communication recordings, agents' rough notes, any documents, and any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case. This request includes, but is not limited to seized weapons, alleged contraband (*see* § II(5), *supra*) and vehicles, the results of any fingerprint analysis, Ms. Martinez's personal effects, and any evidence seized from the defendant or any other party.

(7) Reports Of Examinations And Tests. Ms. Martinez requests the opportunity to inspect and copy any reports of physical and mental examinations and any scientific tests which are material to the preparation of the defense or intended for use in the government's case-in-chief. Fed. R. Crim. P. 16(a)(1)(D).

(8) Expert Witnesses. Ms. Martinez requests the name, qualifications, and a written

summary of the opinion/testimony and bases thereon of any person that the government intends to call as an expert witness. Fed. R. Crim. P. 16(a)(1)(E).

(9) Brady Material. Ms. Martinez requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt, which affects the credibility of the government's case, or which may result in a lower sentence under the United States Sentencing Guidelines. Under Brady, impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused. United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976).

(10) Giglio Information. Ms. Martinez requests all statements and/or promises, express or implied, made to any government witnesses in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses. Giglio v. United States, 405 U.S. 150 (1972).

(11) Informants and Cooperating Witnesses. Ms. Martinez requests disclosure of the name(s), address(es), criminal record and location(s) of all informants or cooperating witnesses used or potentially to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime charged. Roviaro v. United States, 353 U.S. 52, 61-62 (1957). The government must disclose any information derived from informants which exculpates or tends to exculpate the defendant. Brady v. Maryland, 373 U.S. 83 (1963). The government must disclose any information indicating bias on the part of any informant or cooperating witness. Id. Ms. Martinez also requests that the government disgorge any information in its possession regarding other parties culpable in this matter as these individuals are highly relevant and material to Ms. Martinez's defense.

(12) Jencks Act Material. Ms. Martinez requests production in advance of trial of all material, including dispatch tapes, which the government must produce pursuant to 18 U.S.C. § 3500. Advance production will avoid the possibility of delay at the request of defendant to investigate the Jencks material. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes

to qualify as a statement under §3500(e)(1). Campbell v. United States, 373 U.S. 487, 490-92 (1963). In United States v. Boshell, 952 F.2d 1101 (9th Cir. 1991), the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act.

(13) Any Potential 404(b)/609 Evidence. Ms. Martinez requests prior notice of any other crimes or bad acts that the government intends to introduce, whether in its case in chief, for impeachment or rebuttal. Fed. R. Crim. P. 16(a)(1)©; Fed. R. Evid. 404(b) and 609(b). Ms. Martinez requests such notice at least one month before trial in order to give the defense time to investigate and prepare for trial.

(14) Any Information That May Result In A Lower Sentence Under The Guidelines

As discussed above, this information is discoverable under Brady v. Maryland, 373 U.S. 83(1963). This request includes any cooperation or attempted cooperation by the defendant, as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines. Also included in this request is any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, or any other application of the Guidelines.

(15) Evidence of Bias or Motive to Lie. Ms. Martinez requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony. Pennsylvania v. Ritchie, 480 U.S. 39 (1987); United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988).

(16) Impeachment evidence. Ms. Martinez requests any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to the defendant. See Fed. R. Evid. 608, 609 and 613. Such evidence is discoverable under Brady v. Maryland, supra. See United States v. Strifler, 851 F.2d 1197(9th Cir. 1988)(witness' prior record); Thomas v. United States, 343 F.2d 49 (9th Cir. 1965)(evidence that detracts from a witness' credibility).

(17) Evidence of Criminal Investigation of Any Government Witness. Ms. Martinez

requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. United States v. Chitty, 760 F.2d 425 (2d Cir.) cert. denied, 474 U.S. 945 (1985).

(18) Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling. Ms. Martinez requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988); Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980).

(19) Witness Addresses. Ms. Martinez requests the name and last known address of each prospective government witness. See United States v. Napue, 834 F.2d 1311 (7th Cir. 1987); United States v. Tucker, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective assistance); United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses). The defendant also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness. United States v. Cadet, 727 F.2d, 1453 (9th Cir. 1984).

(20) Name of Witnesses Favorable to the Defendant. Ms. Martinez requests the name of any witness who made an arguably favorable statement concerning the defendant or who could not identify him or who was unsure of her identity, or participation in the crime charged. Martinez v. Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis v. North Carolina, 637 F.2d 213, 223 (4th Cir. 1980); Jones v. Jago, 575 F.2d 1164, 1168 (6th Cir.), cert. denied, 439 U.S. 883 (1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1979), cert. denied, 444 U.S. 1086 (1980).

(21) Statements Relevant to the Defense. Ms. Martinez requests disclosure of any statement that may be "relevant to any possible defense or contention" that she might assert. United States v. Bailleaux, 685 F.2d 1105 (9th Cir. 1982).

(22) Personnel Records of Government Officers Involved. Ms. Martinez requests all citizen complaints and other related internal affairs documents involving any of the FBI agents or other law enforcement officers who were involved in the investigation, arrest and interrogation of her, pursuant to Pitchess v. Superior Court, 11 Cal. 3d 531, 539 (1974). Because of the sensitive nature of such Henthorn documents, defense counsel will not be able to procure then from any other source.

(23) Prosecutor's Duty to Inspect Agent's Files. Ms. Martinez requests that the court order the prosecutor to personally review the personnel files of the agents involved.

(24) Release of Evidence for Defense Testing. Ms. Martinez requests that the government release to her designated expert all items seized so that the defense may conduct independent testing of the items.

(25) Subpoena, Intercept and Warrant Information and Evidence. Ms. Martinez requests a copy of all electronic interception orders, search warrants, tracker warrants and subpoenas (whether state or federal, whether written or telephonic, and including recordings or transcripts of telephonic applications), and related applications for electronic interception, subpoenas and warrants, their affidavits, attachments, and inventories related to this case. She also requests copies of all documents provided to or seized by the government pursuant to such court-authorized orders. She requests copies of all recordings made by the government made pursuant to warrant or order as well as line-sheets and any other documentation of such recordings.

(26) Residual Discovery/All Other Relevant Materials Ms. Martinez intends for this motion to cover the full extent of discoverable material. She therefore requests that the government be required to disgorge all other discoverable material which he otherwise has failed to request.

## III.

## Ms. Martinez Seeks Leave to File Further Motions

As stated above, the defense anticipates the production of a voluminous amount of discovery. Thus, at this time it is virtually impossible know what issues may arise after a

thorough review of this material. It is anticipated that the discovery that may be provided and reviewed may include evidence derived from electronic interceptions, cell phone records, physical surveillance, execution of searched and/or seizures, witness statements, defendant's statements, etc. Absent the ability to review this material the defense is unable to adequately address what substantive motions may need to be filed. Therefore, Ms. Martinez would seek an opportunity to file additional motions based on information to be ascertained or provided to the defense.

She therefore requests additional time to file supplemental substantive motions at a future hearing.

**<u>Conclusion</u>**

For the reasons stated above, the defendant, ERICA MARTINEZ, respectfully requests that this Court grant the above-requested motions.

Respectfully submitted,

DATES: November 6, 2026

s/Michael Littman
Attorney for Defendant
ERICA MARTINEZ